STATE, EX REL. RYAN *v.* STUDEBAKER, AUDITOR OF HOWARD COUNTY, INDIANA.

[No. 25,785. Filed July 3, 1930.]

*Miller & Uhlir* and *Thomas M. Ryan,* for appellant.
*McClure & Elliott* and *John E. Fell,* for appellee.

GEMMILL, J.—This is an action to mandate the auditor of Howard County to draw a warrant on the treasurer of said county, payable to the relator, in the sum of $447.30, balance alleged to be due for professional services rendered by relator as an attorney at law for Howard County, in the trial of a criminal case venued from the Howard Circuit Court to the Clinton Circuit Court, and tried in that court by a jury in October and November, 1928. The relator was appointed by the Clinton Circuit Court to assist in prosecuting, as provided in §2248 Burns 1926. The defendant in the instant case filed an answer in general denial. The case was tried by the court without a jury. The finding and judgment were for appellee.

On appeal, appellant assigns as error the overruling of a motion for a new trial. The causes for a new trial were that the finding was not sustained by sufficient evidence and was contrary to law.

The parties agreed to the following facts: "That George Studebaker was elected Auditor of Howard County, Indiana, on November 6, 1928; that he qualified for said office on January first, 1929, and has been continuously since said date and now is the Auditor of

Howard County, Indiana, and acting as such; that Thomas M. Ryan, the relator in this cause, is a practicing attorney who resides in the city of Frankfort, Clinton County, Indiana, and has been continuously practicing law and entitled to practice law in all of the courts of the state of Indiana and in Clinton County, Indiana, for ten years last past; that Frank S. Owens was indicted by the Howard County grand jury on December 24th, 1927, on a charge of banker's embezzlement; that a warrant was issued for his arrest and he was released under bond of One Thousand Dollars ($1,000); that in May, 1928, the defendant Frank S. Owens filed an affidavit for change of venue from Howard County; that this affidavit for change of venue was sustained and the cause was transferred to Clinton County, Indiana; that the indictment and all of the original papers in said cause and a transcript of proceedings were sealed in an envelope and taken by the sheriff of Howard County, Indiana, as required by law, and deposited in the clerk's office of Clinton County, Indiana, and that the cause was docketed on the criminal docket of the Clinton Circuit Court under the heading *State of Indiana* vs. *Frank S. Owens,* and was set for trial by Judge Brenton Devol, sole judge of the Clinton Circuit Court, who had jurisdiction to try said cause; that, before the beginning of the trial of said cause, and after the transcript and original indictment had been filed as aforesaid, Judge Brenton Devol appointed this relator, Thomas M. Ryan, to assist John Downing, who was then and there the prosecuting attorney of Clinton County, Indiana; that Thomas M. Ryan accepted said appointment and assisted the State of Indiana throughout the trial of said cause and rendered services in assisting the prosecution from October 15th down to November 8th, 1928, upon which date, the trial terminated with a verdict of not guilty; that, at the time of the appointment of this relator to assist in the prosecution as afore-

said, and at the time said services were rendered, and on Dec. 31st, 1928, there was an appropriation in Howard County for said purpose in the sum of Four Hundred Fifty Two Dollars and Seventy Cents ($452.70), which was available at the time relator's claim was allowed; that, on February 15 and 16, 1929, the County Council of Howard County, Indiana, made an additional appropriation of Nine Hundred Dollars ($900) for said purpose; that the sum of $452.70 was unexpended at the time of the performance of the services and at the time of the additional appropriation of Nine Hundred Dollars as aforesaid; that, on March 7th, 1929, this relator presented his verified claim in due and legal form for services rendered in said cause to Judge Cripe, who was then and there sole Judge of the Howard Circuit Court, and that said claim was verified and in the sum of $900; that Judge Cripe heard evidence as to the value of said claim and allowed same in the sum of $900; that the Board of County Commissioners of Howard County, Indiana, approved said claim in the sum of $900 on April 2nd, 1929; that the sum of $900 was unexpended and available at the time of the allowance of relator's claim by Judge Cripe and the Board of County Commissioners and is still unexpended; that relator, after the approval of his claim by the Board of County Commissioners, filed said claim in the sum of Nine Hundred Dollars ($900) with George Studebaker, Auditor of Howard County, Indiana; that George Studebaker paid to relator the sum of Four Hundred Fifty-Two Dollars and Seventy Cents, but refused to pay the additional sum of Four Hundred Forty Seven Dollars and Thirty Cents ($447.30) to relator; that relator accepted payment of the $452.70 with the express understanding that it was accepted only in partial settlement and that his rights to collect the balance would not be impaired if he was lawfully entitled to said balance."

"Whenever in any criminal prosecution, a change of venue shall have been taken from the county in which such prosecution originated, the trial court shall have authority to appoint counsel on behalf of such original county to prosecute such action. . . . Counsel so appointed shall be entitled to reasonable compensation for services in such cause, but the amount thereof shall be settled and allowed by the judge of the court from which the change of venue was first granted." §2248 Burns 1926. "No court, or division thereof, of any county, shall have power to bind such county by any contract, agreement, or in any other way, except by judgment rendered in a cause where such court has jurisdiction of the parties and subject matter of the action, to any extent beyond the amount of money at the time already appropriated by ordinance for the purpose of such court, and for the purpose for which such obligation is attempted to be incurred, and all contracts and agreements, express or implied, and all obligations of any and every sort attempted beyond such existing appropriations shall be absolutely void." §5888 Burns 1926. "Whenever the auditor shall draw a warrant for any claim pursuant to this [county reform] act, he shall charge the same against the amount of the appropriation made for such purpose," etc. §5905 Burns 1926.

After relator's verified claim had been allowed in the sum of $900 by the judge of the Howard Circuit Court, said claim was approved by the board of commissioners of Howard County in that sum. That action by the board of commissioners was not necessary.

Part of §5888 Burns 1926, reading as follows, "No court, or division thereof, of any county, shall have power to bind such county by any contract, agreement, or in any other way, . . . to any extent beyond the amount of money at the time

already appropriated," etc., did not apply to the judge of the Clinton Circuit Court in making the appointment of relator, but did apply to the judge of the Howard Circuit Court in allowing relator's claim, as it could not bind the county in excess of the existing appropriation. After the judge of the Clinton Circuit Court appointed relator to assist in prosecuting, that judge did not have anything further to do with the matter. Counsel so appointed was entitled to reasonable compensation for his services, but the amount thereof had to be settled and allowed by the judge of the Howard Circuit Court. It is provided in §5885 Burns 1926 that, when any item of appropriation shall remain unexpended at the end of the calendar year for which the same was appropriated, the amount thereof shall immediately revert to the general fund of the county, and no warrant shall be drawn on such appropriation after the end of such year. It would seem that the unexpended part of the appropriation for such attorney fees reverted to the general fund at the end of the calendar year 1928. On February 15 and 16, 1929, the county council of Howard County made an appropriation of $900 "for said purpose." This sum was available to pay the claim of relator on March 7, 1929, the day on which it was allowed by the judge of the Howard Circuit Court. The action of that court was not contrary to said §5888 Burns 1926, as, prior thereto, an appropriation had been made by the county council for that calendar year, the unexhausted appropriation was sufficient to pay relator's claim, and the action of the court did not bind the county beyond the amount of money already appropriated by ordinance for the purpose of such court. The relator was entitled to receive from the auditor a warrant for the sum of his claim as allowed by the judge of the circuit court of Howard County. In the lower court, the auditor should have been man-

dated to draw his warrant on the treasurer for the balance of the sum properly allowed and due relator. Cases of this court cited and relied upon by appellee are based upon a different state of facts than appear in this case, and are not controlling herein.

The judgment is reversed, with directions to sustain appellant's motion for a new trial, and for further proceedings.